NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RAD, | |
| | Civ. No. 15-2415 |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| UNITED STATES ATTORNEY'S OFFICE | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on the application of *pro se* Plaintiff Christopher Rad ("Plaintiff") to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1, 4). The Court has reviewed the IFP application and the Complaint. (*Id.*). The Court will grant Plaintiffs' application to proceed IFP.

BACKGROUND

On April 6, 2015, Plaintiff filed his Complaint, which seeks to compel the United States Attorney's Office to disclose certain records that Plaintiff has requested under the Freedom of Information Act ("FOIA"). Plaintiff claims that he has already submitted FOIA requests for these records and has received no response, and so he is seeking them through a complaint pursuant to 5 U.S.C. § 552(a)(4)(B). Section 552(a)(4)(B) states, in pertinent part, "On complaint, the district court of the United States in the district . . . in which the agency records are situated . . . has jurisdiction to enjoin the agency from

1

withholding agency records and to order the production of any agency records improperly withheld from the complainant."

On April 15, 2015 the Court ordered that Plaintiff's Complaint be administratively terminated because Plaintiff failed to submit a complete IFP application as required by 28 U.S.C. §§ 1915(a)(1), (2). (Doc. No. 2). On April 28, 2015 Plaintiff submitted a completed IFP application and requested that his case be reopened. (Doc. No. 4).

## DISCUSSION

In considering applications to proceed IFP, the court generally engages in a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

**1. Application to proceed *in forma pauperis***

The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a plaintiff may submit an application to proceed IFP pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (citations omitted).

It appears from the application that Plaintiff has no assets and a very low monthly income.  Upon review, Plaintiff has shown sufficient economic disadvantage to proceed IFP.

**2. Dismissal under 28 U.S.C. § 1915(e)**

Having granted Plaintiffs' application to proceed IFP, the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e), which directs courts to dismiss any claim that "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."  At this stage, it does not appear that Plaintiff's claim is frivolous or malicious; 5 U.S.C. § 552(a)(4)(B) provides a right of action to pursue the kind of relief that Plaintiff seeks here.  The Court will reserve its judgment on whether the Complaint states a claim upon which may be granted until Defendant moves to dismiss the Complaint.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application to proceed IFP.  An appropriate order will follow.

                                                  */s/ Anne E. Thompson*
                                                  ANNE E. THOMPSON, U.S.D.J.