<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER RAD,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES ATTORNEY'S OFFICE<br>(MARK COYEN),<br><br>         Defendant. | Civ. No. 15-2415<br><br><br><u>OPINION</u> |

<u>THOMPSON, U.S.D.J.</u>

**<u>INTRODUCTION</u>**

This matter is before the Court upon a motion for summary judgment filed by Defendant the United States Attorney's Office for the District of New Jersey[1] ("Defendant"). (ECF No. 35). Plaintiff Christopher Rad ("Plaintiff") opposes the motion. (ECF No. 42). Previously, Plaintiff filed a motion for a preliminary injunction, which Defendant addresses through its motion for summary judgment. (ECF Nos. 32, 34). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, both motions will be denied.

---

[1] While Plaintiff filed suit against both the United States Attorney's Office that prosecuted his criminal case and an individual attorney in that office, Plaintiff later clarified that he only meant to list the United States Attorney's Office as a defendant. (Pl.'s Response to Def.'s Answer to Compl. at 1, ECF No. 20). Therefore, the Court will dismiss "Mark Coyen" (Appellate Chief Mark E. Coyne) from this case.

## BACKGROUND

On November 30, 2012, Plaintiff was convicted of six counts arising from a securities fraud scheme.  (*See United States v. Rad*, Cr. No. 11-0161, Jury Verdict, ECF No. 68).  On or about February 5, 2015, Defendant received two Freedom of Information Act ("FOIA") requests from Plaintiff.  (Decl. of Princina Stone ("Stone Decl.") at ¶ 6, ECF No. 35-10).  Plaintiff sought a variety of records related to his criminal case.  (FOIA Requests, Exs. A and B, ECF No. 35-11).  On April 6, 2015, Plaintiff filed suit against Defendant, alleging that Defendant had failed to respond to his FOIA requests within twenty days.  (Pl.'s Compl. at ¶ 7, ECF No. 1).

On September 17, 2015, Defendant forwarded Plaintiff's FOIA requests to the Executive Office for United States Attorneys ("EOUSA").  (Stone Decl. at ¶ 6).  EOUSA responded to Plaintiff's requests, sending him relevant records on January 15, 2016, February 17, 2016, and April 11, 2016.  (*Id.* at ¶¶ 9-11).  EOUSA informed Plaintiff that many records he requested were withheld in part or in full because they fell under FOIA's exemptions.  (*Id.*).  Additionally, the Federal Bureau of Investigation ("FBI") was also involved in reviewing and sending records to Plaintiff.  (*Id.* at ¶¶ 10, 13).  On March 18, 2016, the FBI sent Plaintiff responsive records, with certain deletions made according to the agency's interpretation of FOIA's exemptions.  (Letter from FBI to Plaintiff (Mar. 18, 2016), ECF No. 35-9).

Plaintiff filed a motion for a preliminary injunction on March 18, 2016.  (ECF No. 32).  Defendant requested permission to address Plaintiff's motion in its motion for summary judgment, scheduled to be filed by April 15, 2016.  (ECF No. 33).  The Court granted Defendant's request.  (ECF No. 34).  Therefore, Plaintiff's motion for a preliminary injunction and Defendant's motion for summary judgment are presently before the Court.

**LEGAL STANDARD**

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). Summary judgment is appropriate in a FOIA case when the defendant's affidavits "describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Carp v. I.R.S.*, No. 00-5992, 2002 WL 373448, at *4 (D.N.J. Jan. 28, 2002) (citation omitted).

A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). To obtain a preliminary injunction, the moving party must establish that: (1) he is likely to succeed on the merits of the underlying litigation, (2) he is likely to suffer irreparable injury in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.*

## ANALYSIS

### I.      Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment because: 1) it conducted an adequate search that was reasonably calculated to uncover all the documents relevant to Plaintiff's request, and 2) EOUSA and the FBI produced more than two hundred pages of responsive documents, only withholding documents as appropriate under the FOIA exemptions. (Def.'s Br. at 9-10, ECF No. 35-5).

FOIA mandates that agencies perform searches that are "reasonably calculated to uncover all relevant documents." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  Agencies are then required to produce the relevant documents unless one of nine FOIA exemptions applies. *See* 5 U.S.C. § 552(b).  If an agency believes one of the exemptions applies, then "[t]he agency bears the burden of justifying the withholding, and the [district] court reviews the agency claims of exemption *de novo*."  *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000) (citation omitted) (alteration in original).  There is a strong presumption in favor of disclosure because FOIA's purpose is "to facilitate public access to Government documents." *Hecht v. U.S. Agency for Int'l Dev.*, No. 95-263, 1996 WL 33502232, at *5 (D. Del. Dec. 18, 1996) (citation omitted).

An agency can meet its burden by filing an affidavit that describes the material withheld and explains why that material falls under a particular exemption.  *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993).  Specifically, agencies are generally required to submit a "*Vaughn* index" (named after *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) the case in which the requirement was articulated.)  The *Vaughn* index must be sufficiently detailed so that the plaintiff and the district court can obtain a "clear explanation of why each document or portion of

4

a document withheld is putatively exempt from disclosure." *Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir. 1988). An "agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Abdelfattah*, 488 F.3d at 186 (citation omitted).

In this case, Defendant details the thorough search it conducted to uncover documents responsive to Plaintiff's FOIA requests, and Plaintiff does not challenge the adequacy of Defendant's search. (*See* Pl.'s Br., ECF No. 42; Def.'s Br. at 10-12, ECF No. 35-5). Based on Defendant's supporting declarations describing the search, it appears that the search was reasonably calculated to reveal all relevant documents, thus fulfilling one of FOIA's requirements. However, Defendant fails to carry its burden on the next FOIA requirement, namely that it provide a "clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Hinton*, 844 F.2d at 129.

Defendant's *Vaughn* index and supplemental *Vaughn* index are insufficiently detailed for the Court to be able to find that Defendant properly withheld certain information. The indexes condense hundreds of documents into just a few broad categories, such that it is unclear which entry in the *Vaughn* index contains the specific information Plaintiff is seeking. (*Cf. Venkataram v. Office of Information Policy*, No. 09-6520, *Vaughn* Index, ECF No. 57-3 (describing individual letters, their contents, and why FOIA exemptions apply to their contents)). This problem is compounded by the lack of any records for the Court to personally examine. Unlike in other FOIA cases in this district, Defendant has not supplied the Court with the redacted documents it supplied to Plaintiff. (*See, e.g.*, *De Paco v. United States Customs and Border Protection*, No. 14-5017, ECF No. 11-4 (displaying the eleven pages the defendant sent to the plaintiff in response to his FOIA request); *American Civil Liberties Union of New Jersey v. Federal Bureau of Investigation, et al.*, No. 11-2553, ECF No. 26-3 (displaying the partially redacted bulletin the defendant sent to the plaintiff). This leaves the Court ill-equipped to

evaluate the arguments Plaintiff raises in his opposition brief, which focus on specific facts and documents that are not directly addressed in Defendant's submissions.  (*See* Pl.'s Br. at 8, ECF No. 42 (requesting contact information for Trevor Ruiz, interview notes concerning Trevor Ruiz, and the date the E-gold subpoena was served)).[2]

Defendant's brief lays out the general legal arguments for each FOIA exemption very well, but fails to sufficiently apply the law to the present set of facts.  At this time, it is unclear to the Court why the specific pieces of information Plaintiff highlights repeatedly in his opposition brief fall under one or more FOIA exemptions, or which documents may contain the information. Defendant has not "describe[d] the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption."  *Carp*, 2002 WL 373448, at *4 (citation omitted).  Therefore, the Court must deny Defendant's motion for summary judgment without prejudice to a prompt renewal.

## II.    Plaintiff's Motion for a Preliminary Injunction

To obtain a preliminary injunction, the moving party has the burden to establish that: (1) he is likely to succeed on the merits of the underlying litigation, (2) he is likely to suffer irreparable injury in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Ferring Pharms., Inc.*, 765 F.3d at 210.

Plaintiff argues that: (1) he will succeed on the merits because none of the FOIA exemptions apply, (2) he will suffer irreparable injury without relief because Defendant has stalled and used "tricks" to avoid producing records he needs to challenge his criminal

---

[2] Defendant did respond to Plaintiff's arguments to some extent in a reply letter, however, Plaintiff and Defendant appear to be largely talking past each other.  For example, Plaintiff is doubtful that "Trevor Ruiz" ever existed, and thus is seeking proof that Mr. Ruiz is a real person, while Defendant responded by explaining why there is no reason to think that Trevor Ruiz has died since Plaintiff's trial.  (Pl.'s Br. at 6, ECF No. 42; Def.'s Rep. Let. at 2-3, ECF No. 43).

conviction, (3) Defendant will suffer no harm from releasing the records because no FOIA exemptions apply, and (4) the public interest favors an injunction because the public "has a great interest in holding the government accountable for its own rules."  (Pl.'s Mem. of Law, ECF No. 32).

The Court is not persuaded by these arguments.  In particular, Plaintiff relies heavily on the assertion that none of the FOIA exemptions apply to any of the records he is seeking. Plaintiff's broadly-worded FOIA requests include grand jury records and third parties' private account information, both of which are very likely to be covered by FOIA exemptions.  *Hodge v. F.B.I.*, 703 F.3d 575, 580 (D.C. Cir. 2013) (noting that grand jury materials that reveal some secret aspect of a grand jury's investigation are covered by FOIA Exemption 3); *McDonnell*, 4 F.3d at 1254 (discussing how both Exemption 6 and Exemption 7(C) exempt information that impinges on individuals' privacy).  Since it appears that at least some of the records Plaintiff is seeking were properly withheld by Defendant, Plaintiff cannot demonstrate that he is likely to fully succeed on the merits.

Plaintiff also cannot show irreparable injury is likely without an injunction, given that a primary purpose of a preliminary injunction is to maintain the status quo pending a decision on the merits.  *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994).  Entering a preliminary injunction would dramatically change the status quo, effectively allowing Plaintiff to win his case without a decision on the merits, which is simply not warranted here.  Since Plaintiff has not carried his burden on his motion for a preliminary injunction, the Court must deny the motion.

## CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment will be denied without prejudice, and Plaintiff's motion for a preliminary injunction will also be denied. An appropriate order will follow.

_/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.

Dated: 7/13/16